**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUSTO NEHEMIAS TUT CUL,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Civil Action No. 26-12358 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Justo Nehemias Tut Cul's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter response. (ECF No. 4.) Having considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, unlawfully entered the United States on or about June 23, 2021. (ECF No. 4 at 1.) On the same day, United States Border Patrol encountered Petitioner, and he was subsequently placed in removal proceedings on September 1, 2021. (*Id.*)

On January 11, 2024, Petitioner failed to appear for his removal proceeding and an Immigration Judge ("IJ") ordered Petitioner removed *in absentia*. (*Id.*; ECF No. 5-2.) On September 17, 2026, Immigration Customs and Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.*)

On September 18, 2026, Petitioner filed the Petition challenging his ongoing detention. (ECF No. 1.) Respondents filed a response. (ECF No. 5.)

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. Decision

In the Petition, Petitioner argues his detention violates his due process rights. (ECF No. 1.) Respondents argue Petitioner is lawfully detained under a final order of removal pursuant to 8 U.S.C. 1231(a). (ECF No. 4.)

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's *in absentia* removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). Petitioner's 90-day mandatory "removal period" concluded in April 2024, 90 days after an IJ ordered him removed *in absentia* on January 11, 2024. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his September 17, 2026 detention—falls far short of six months, rendering his claim premature.

## IV. Conclusion

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is DENIED. An appropriate order follows.

**Date:** October 26, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**